Minute Order Form (06/97)

JSC

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8331 | **DATE** | 7/10/2002 |
| **CASE TITLE** | U.S.A. vs. Yates | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The petitioner's petition for relief under 28 U.S.C. Section 2255 is denied. Enter Memorandum Opinion and Order. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 11 2002 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/10/2002 | |
| MPJ | courtroom deputy's initials | 02 JUL 10 PM 2:29 | date mailed notice MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 1 1 2002

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 01 C 8331 |
| JAMES YATES, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Larry Yates was a "governor" or high official of the Gangster Disciples, a gang of some 6,000 hoodlums and thugs engaged, through the early 1990s, in the sale of crack cocaine, heroin, and other drugs in the southwestern sections and suburbs of Chicago, Illinois, under the leadership of Larry Hoover, an inmate in the Illinois state prison system. In July 1997, after a 12-week jury trial in this district, Mr. Yates was convicted of twenty three substantive narcotics counts, including: participating in a continuing criminal enterprise ("CCE"), 21 U.S.C. § 848, conspiracy to possess controlled substances with the intent to distribute, § 846, and use of minors to further this conspiracy, § 861. He was sentenced to life in prison. He appealed to the Seventh Circuit, which affirmed his conviction, *see United States v. Jackson*, 207 F.3d 910 (7th Cir. 2000), *vacated in part by* 531 U.S. 953 (2000) (but not as to Yates), and his petition for certiorari to the Supreme Court was denied in 2000. *See* 531 U.S. 953. Acting pro se, he submits an able petition

12

to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He argues that: (1) his CCE conviction rests upon legally impermissible grounds; (2) he received ineffective assistance of counsel at trial and on appeal, and (3) his indictment for use of minors must be dismissed for failure to allege the drug amounts involved in violation (apparently) of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). He asks for an evidentiary hearing. I deny his petition.

I.

The Gangster Disciples was a large and notorious criminal enterprise, achieving, at its zenith in the early 1990s, revenues of $100 million a year, *Jackson*, 207 F.3d at 913. It operated both on the streets of the Chicago metropolitan area and within the state prison system, where Hoover was incarcerated. The Gangster Disciples ran several civic and political activities, including "Save the Children Promotions," a corporation which organized concerts and laundered drug money, and "Twenty First Century Vote," a political action committee that supported candidates and promoted voter registration. The organization was structured like a corporate or military hierarchy with strict rules that were enforced by "violating" people who violated the rules with beatings and worse.

In 1992 and 1993, Mr. Yates was one of the ten or so "governors," which put him about two levels down in the Gangster Disciple hierarchy, below Hoover and a board of directors. *Jackson*,

-2-

207 F.3d at 919. Mr. Yates "belonged to a relatively quite tiny layer of top-level supervisors and the evidence is that he had six regents and 411 rank and file Disciples under his command," *id.*, and so was one of "several" administrators of the enterprise. While "governor," he had several hundred subordinates working for him selling cocaine. He promoted payment of dues and "nation work," or the requirement that gang members work one day a week selling drugs for the profit of the top leadership in order to be permitted by the gang to sell drugs at all in gang territory, on pain of beatings, torture, and murder. Mr. Yates distributed "nation work" to Germaine Haslett, whom he appointed chief of security for Chicago Heights, assigning him responsibility for administering "violations," and giving Haslett a half ounce or ounce of crack cocaine every three to ten days, which Haslett would sell, and afterwards give the money to Mr. Yates. Mr. Yates also appointed Haslett "regent" for Chicago Heights; he had up to 75 people working for him, at least half of them selling drugs, and others raising political contributions and selling concert tickets. He would give the money to Mr. Yates. As "governor" of the suburbs, Mr. Yates also received large quantities of cocaine on four or five occasions from Delano Finch, "governor" of part of southwestern Chicago.

In late 1993, Mr. Yates was himself "violated" for "violating" a Gangster Disciple in front of his family. Shortly thereafter he lost his position as "governor." He says he quit the gang entirely,

-3-

withdrawing from the conspiracy, but Finch testified that in the summer of 1995, he gave Mr. Yates a quarter kilogram of cocaine on three or four occasions. In June 1995, 182.5 grams of crack cocaine were recovered from Mr. Yates' apartment. According to Mr. Yates, who admitted having been "governor" of the suburbs in 1992 and 1993, he had no drug dealings with his regents, Haslett and Finch, but he admitted that he allowed someone to store cocaine at his apartment for money. He was indicted and tried with seven other top Gangster Disciples. He was the only one who testified. All were convicted.

II.

A.

Mr. Yates argues that his conviction for participating in a continuing criminal enterprise ("CCE") rests on a legally insufficient basis. The government replies that I may not review this issue under § 2255 because Mr. Yates failed to raise it on direct appeal. An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for and actual prejudice resulting from the failure to raise it. *See Mankarious v. United States*, 282 F.3d 940, 943 (7th Cir. 2002). As I have explained elsewhere, "cause" means that the failure to raise the claims was not his fault, and "prejudice" means that the outcome would have been changed had the error not been made. *Wright v. Clark*, 96 F. Supp. 2d 757, 759 (N.D. Ill. 2000). Mr. Yates suggests

that the failure to raise the issue was due to ineffective assistance of counsel, which constitutes "cause" in an appeal of right in which a party has a constitutional right to appointed counsel. *Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000). He states that his appellate attorney, Howard Levy, refused to raise the issue to the Seventh Circuit, and that court declined to accept Mr. Yates' own attempt to brief the issue.

To make out an argument for a claim of ineffective assistance of counsel, Mr. Yates must demonstrate that: (1) his counsel's performance was so deficient as to fall below an objective standard of reasonableness under "prevailing professional norms" and (2) the deficient performance so prejudiced the defense as to deny the defendant a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Counsel's performance is presumed to be adequate, although the presumption may be rebutted. *Id.* at 688-89. Mr. Yates also must overcome the strong presumption that "the challenged action might be considered sound trial strategy." *Id.* at 689. Finally, even if not professionally reasonable, a decision by counsel "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Here, however, Levy did raise a sufficiency challenge on direct appeal to Mr. Yates' convictions for use of minors, which the Seventh Circuit rejected. *Jackson*, 207 F.3d at 913 ("The evidence of each defendant's guilt was clearly sufficient."). He did not

-5-

raise the sufficiency challenge to the CCE conviction. This, combined with Mr. Yates' statement in his petition that he asked Levy to raise the sufficiency challenge to the CCE conviction on direct appeal, and Levy refused to do so, indicates that the decision not to appeal the CCE conviction on sufficiency grounds was considered strategy.

Moreover, Levy was correct in his judgment on this matter. Viewing "the evidence in the light most favorable to the government, [and] drawing all reasonable inferences in its favor," *United States v. Frazier*, 213 F.3d 409, 416 (7th Cir. 2000), as I must with a challenge to the sufficiency of the evidence, there can be no serious doubt that the evidence was constitutionally sufficient for a CCE conviction. The government must prove the following five elements to sustain a CCE conviction:

> (1) a violation of the federal narcotics laws; (2) which crime is a part of a series of violations of the federal narcotics laws; (3) undertaken by the defendant and at least five other individuals; (4) with respect to whom the defendant holds a supervisory, managerial, or organizational role; and (5) from which the defendant receives substantial income or resources.

*United States v. Gibbs*, 61 F.3d 536, 537 (7th Cir. 1995); 21 U.S.C. § 848(d). Mr. Yates challenges the evidence under (4) supervisory role, and (2) the series of violations, and he contends that the "withdrawal" instruction that the trial court gave was inadequate.

As to supervisory role, there was testimony offered at trial from Haslett that Mr. Yates, acting as "governor" of the suburbs in 1992-93, made Haslett "regent," supervising 50 to 75 people, three

quarters of whom sold drugs. Haslett testified that Mr. Yates distributed crack cocaine to him every three to ten days, and took the money Haslett made selling the dope. Mr. Yates disputes that the percentage was that high, but even if I accept his lowest figure, 50%, that does not get the number of his drug dealing subordinates down below five. Another witness, Finch, "governor" for a part of the city of Chicago, testified that Mr. Yates, during his "governorship," gave ("fronted") him between one eighth to one half kilo of cocaine on four or five occasions, and in the summer of 1995, when Finch was "governor" of the suburbs, he provided Mr. Yates with a quarter kilogram of cocaine on three or four occasions.

This is evidence of a series of violations of the narcotics laws undertaken in a supervisory capacity and involving more than five subordinates--indeed, in Mr. Yates' case, several hundred subordinates. Mr. Yates argues that the counts listed in the indictment are said to have "occurred in late 1994 and 1995," after he was removed from his "governorship," but he does not document this, and so the point is waived. Restating the argument, Mr. Yates argues that the CCE case against him was entirely vicarious--that as an ex-"governor" he was wrongly made responsible for the drug crimes of other gangsters. The Seventh Circuit has rejected this argument, holding in Hoover's appeal that "CCE convictions are valid whether or not Hoover and the other leaders personally committed the

-7-

predicate offenses on which the CCE convictions depend." *United States v. Hoover*, 246 F.3d 1054, 1057 (7th Cir. 2001).

As to the "series" requirement that the violations be part of a "continuing series," Mr. Yates reargues a point rejected as a basis for reversal by the Seventh Circuit in *Jackson*, that the jury had to have agreed unanimously on which specific predicate acts constitute the "continuing series of violations" for a CCE conviction. 207 F.3d at 919 (discussing *Richardson v. United States*, 526 U.S. 813 (1999)). In *Richardson*, decided after Mr. Yates' conviction, the Supreme Court held that each predicate violation within the series is itself an element of the CCE offense and that the jury must agree unanimously not only that the defendant committed a "continuing series of violations" but agree unanimously also about which violations the series comprised. *See id.* Thus, a defendant is entitled to an instruction that the jury must agree unanimously which specific acts support the CCE conviction. Such an instruction was not given in Yates' trial because, prior to *Richardson*, it was not required in the Seventh Circuit. *Richardson* applies retroactively on collateral review. *Fischer v. United States*, 285 F.3d 596, 599 (7th Cir. 2002). But, as the Seventh Circuit pointed out in *Jackson*, the error was harmless because the jury "found all three defendants guilty of many more than three predicate offenses relating to the drug conspiracy," and thus "unanimously agreed that each of the defendants had committed three

of the predicate offenses with which he was charged." *Jackson*, 207 F.3d at 919. Mr. Yates claims that it is "indisputable" that he was convicted of the whole series rather than each predicate charged act, but he does not explain the basis for this contention. I see no reason to set aside the Seventh Circuit's determination to the contrary in *Jackson*. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) ("[[I]n the absence of changed circumstances of fact or law, [I]e will not reconsider an issue which was already decided on direct appeal.").

Finally, Mr. Yates argues that the instruction he requested and received on his "withdrawal" defense--that he withdrew from the drug conspiracy, quitting the Gangster Disciples after he was removed from his "governorship"--was defective, first because it did not name him, and second because it did not use Yates' preferred language. However he does not quote the purportedly defective instruction,[1] leaving me unable to evaluate his argument, and thus waiving it. I note that in any event, while the district court's "instructions to the jury must be correct statements of the law and supported by the evidence," *United States v. Perez*, 43 F.3d 1131, 1137 (7th Cir. 1994), they are examined only "for overall fairness and accuracy." *United States v. Dack*, 987 F.2d 1282, 1284 (7th Cir. 1993). An error in jury instructions is not harmless "only if the

---

[1] The government, citing to the trial transcript, says that the trial judge used the Seventh Circuit pattern instruction No. 5.12, Trial Tr. 6372-73.

jury's comprehension of the issues is so misguided that it prejudiced the party raising error, and the complaining party bears the burden of showing prejudice." *United States v. Smith*, 131 F.3d 685, 688 (7th Cir. 1997). Mr. Yates has not carried that burden.

In sum, the evidence was sufficient, and Levy did not provide Mr. Yates with ineffective assistance of counsel. It is not ineffective assistance to refuse to raise an argument that has no hope of success. *United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1992). Mr. Yates has therefore failed to show cause, because he did not receive ineffective assistance of counsel in this respect, and he cannot show prejudice, because the evidence was sufficient for a CCE conviction. For this reason, Mr. Yates' sufficiency of the evidence of the evidence challenge to his CCE conviction is barred because it was not raised to the trial court.

B.

Mr. Yates' second ground for review is that he received constitutionally ineffective assistance of counsel at trial and on appeal. The claim with regard to trial counsel is raised for the first time here and was not raised either at trial or on appeal. Mr. Yates seeks to evade the procedural bar, *see. e.g., Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994), by saying that his appellate counsel was ineffective for not raising the ineffectiveness of his trial counsel on appeal. The Seventh Circuit has said that "most claims of ineffective assistance of trial

counsel are properly raised for the first time in a § 2255 motion rather than on direct appeal," because, "in order to be successful, such claims generally require that the record be supplemented with 'extrinsic evidence that illuminates the attorney's errors.'" *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996). (In fact, appellate counsel Howard Levy advised Mr. Yates to bring his ineffective assistance claim in a § 2255 action.) So the claim is not defaulted if it could "not be developed without new facts," or "at the time of taking the appeal it had reasonably appeared that new evidence might be necessary, though it has since become apparent that the trial record itself was the only evidence that could be presented in support of the claim." *Guinan v. United States*, 6 F.3d 468, 472 (7th Cir. 1993). But "where a defendant offers no extrinsic evidence to support his claim of ineffective assistance of counsel [nor reason at the time of appeal to think that such evidence might be necessary] and he was represented by different counsel on appeal, that defendant must bring that claim on direct appeal or face procedural default for failing to do so." *McCleese*, 75 F.3d at 1178. Mr. Yates says repeatedly that the evidence on which he wishes to base his ineffective assistance claims was all available from the trial record, and examination of his arguments supports this proposition. As I shall explain in more detail in the following, Mr. Yates' Sixth Amendment claims are therefore procedurally barred because they were not raised on appeal.

Mr. Yates had different counsel at trial and on appeal. Once again Mr. Yates attempted to file his ineffective assistance claim pro se with the Seventh Circuit, but that court returned his pro se argument unfiled. Because the claim was not accepted, it was not made, so, in order to prevail on this claim, Mr. Yates would require extrinsic evidence or reason to think he would have needed it. He thought he did not need it, which is why he tried to supplement his appellate attorney's briefs with his own arguments pro se.

Mr. Yates here claims that both his trial lawyer, Jack Cutrone, and appellate counsel Howard Levy, "stubbornly rejected [his] help, guidance, and accurate information." By way of extrinsic information, Mr. Yates offers a letter to Levy discussing some of his own advice about the conduct of the appeal, Pet. Ex. 1, but the extrinsic evidence he offers is not relevant to the issue of ineffective assistance of trial counsel. He does not explain in the letter why he has a winning argument about Cutrone's deficiencies that Levy ignored. The argument is no good on the merits, and it does not show that Levy's performance was defective either. Mr. Yates does not raise in this petition the issues he discusses with Levy in the letter ("knowledge," "intent," "subject matter jurisdiction"[2]). Moreover, there is nothing about the letter that might raise a reasonable belief that additional extrinsic evidence

---

[2] He does attempt to raise the latter point, discussed below, but on different grounds than those mentioned in the letter.

would have to be developed for a later collateral attack. So far Mr. Yates has not overcome the procedural bar to attacking his trial attorney's performance without raising it on appeal, nor in making a case on the merits against his appellate attorney.

In addition, Mr. Yates argues that his trial counsel was ineffective because of the conflict involved in a joint defense agreement with other defendants. Pet. Ex. 2. Mr. Yates claims that because of this agreement, the existence of which was noted in the trial record, his trial counsel had to trade off his interests against those of his co-defendants. The example he offers is that his counsel agreed with the government not to cross-examine Finch about a murder of a Gangster Disciple named Gregory Sharpe and other murders, which evidence would have impeached Finch as a witness against Mr. Yates. However, Finch was effectively impeached at trial as a repeat kidnapper and torturer. There is no reason to think that he would have been less credible if revealed as a murderer also. Murder is not a crime of fraud or deceit. Here too, there is no evidence from outside the trial record, nor any reason to think that at the time such evidence would be forthcoming later. Moreover, Mr. Yates says that the evidence of the murders was introduced by the government into the trial, citing Trial Tr. at 7117-18, so if there was attorney error here, it was harmless.

Finally, Mr. Yates accuses his trial counsel of ineffectiveness in refusing to assert a withdrawal defense, that he withdrew from

the conspiracy after losing his position as a "governor." However, he presented this defense pro se at trial, after firing his trial counsel, and obtained an instruction on withdrawal, the adequacy of which which I have discussed above. The jury did not believe it, and rationally so, in light of Finch's evidence that he provided Mr. Yates with a large quantity of cocaine in 1995, after Mr. Yates had supposedly quit. And again, the argument does not refer to any evidence extrinsic to the trial record or which Mr. Yates might have reasonably expected to turn up after the case went up on appeal. His own belief that the ineffective assistance of trial counsel argument had to be presented on appeal or not at all was correct. But it was not deficient performance of appellate counsel for Levy not to bring the argument, because it was without merit in any event.

Finally, Mr. Yates brings two miscellaneous arguments for ineffective assistance of trial counsel. First, he argues that certain witnesses to his withdrawal were not called although counsel was fully aware of them. However, he also says the trial court ruled against the admissibility of the testimony of those witnesses. Trial Tr. at 6145. He therefore admits that there was nothing extrinsic here. Second, Mr. Yates argues that counsel failed to attempt to have a certain exculpatory tape, Vienna Tape 332-1 introduced into evidence. But it was played. Trial Tr. 5533. Since it was played, it was available at the time appeal was taken. There being no extrinsic evidence indicating constitutionally deficient performance

-14-

of trial counsel, nor any that might have been reasonably likely at the time of appeal to emerge later, the ineffective assistance of trial counsel claim is procedurally barred. The ineffective assistance of appellate counsel claim is inadequate on the merits.

C.

Mr. Yates' final ground for review is that the use of minors counts were defective for failing to include evidence of drug type or quantity, and accordingly, the indictment should have been dismissed with respect to those charges. He mistakenly characterizes this as a matter of subject matter jurisdiction. It seems to be an attempt to invoke *Apprendi v. New Jersey*, 530 U.S. 466 (2000), holding that factors, other than prior convictions, which increase a sentence beyond the statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. Neither the Supreme Court nor the Seventh Circuit has held that *Apprendi* applies retroactively on collateral review. The Seventh Circuit has stated, with respect to this question, that I may "determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely." *Ashley v. United States*, 266 F.3d 671, 674 (7th Cir. 2001). I find that *Apprendi* is not available retroactively on collateral review. This has been the conclusion of every court of appeals that has decided the issue, and every

district court in the Northern District that has so far considered the question concurs.[3]

As a new rule of criminal procedure, the *Apprendi* rule is not retroactively applicable to cases that are final when the new rule is announced unless one of two exceptions applies, *Teague v. Lane*, 489 U.S. 288, 310 (1989): either (1) the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," *id.* at 311, or (2) it is a "new procedure[] without which the likelihood of an accurate conviction is seriously diminished," *id.* at 313. Neither exception applies here. *Apprendi* addresses drug dealing, which is certainly within the power of law-making authority to proscribe, and it does not go to guilt or innocence. A rule which "merely shifts the fact-finding duties from an impartial judge to a jury clearly does not fall within the scope of the second *Teague* exception." *United States v. Sanders*, 247 F.3d 139, 148-49 (4th Cir. 2001) (citing *Neder v.*

---

[3] *See United States v. Sanders*, 247 F.3d 139, 146-51 (4th Cir. 2001); *United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Jones v. Smith*, 231 F.3d 1227, 1238 (9th Cir. 2000). *See also Mills v. United States*, No. 98 C 8252, 2002 WL 424635, at *1 (N.D. Ill. Mar. 19, 2002) (Aspen, C.J.), *Hampton v. Leibach*, No. 99 C 5473, 2001 WL 1518533, at *24-25 (N.D. Ill., Nov. 29, 2001) (Kennelly, J.); *United States ex rel. Walton v. Barnett*, No. 2001 C 6023, 2001 WL 1519421, at *6 (N.D. Ill. Nov. 29, 2001) (Lindberg, J.); *United States v. McNeal*, No. 01 C 3651, 2001 WL 1338988, at *1 (N.D. Ill. Oct. 30, 2001) (Grady, J.).

*United States*, 527 U.S. 1 (1999) (district court's failure to submit a finding of materiality to the jury was harmless error)).

III.

Mr. Yates' petition for relief under § 2255 is therefore DENIED.

**ENTER ORDER:**

_[signature]_

**Elaine E. Bucklo**
United States District Judge

Dated:   July 10, 2002